UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUXOTTICA RETAIL NORTH AMERICA INC.
d/b/a PEARLE VISION,

    Plaintiff,

vs.                                          CASE NO: 8:09-cv-1805-T-26AEP

STONYBROOK VENTURES, INC. and
BRIAN F. CULLATHER,

    Defendants.
_____/

## AGREED PRELIMINARY INJUNCTION ORDER

THIS CAUSE came before the Court on Plaintiff Luxottica Retail North America Inc. d/b/a PEARLE VISION®'s Renewed Motion for Preliminary Injunction [DE 8] (the "Preliminary Injunction Motion"). The Court has been advised by the parties that they have agreed to the entry of this Agreed Preliminary Injunction Order in favor of Plaintiff Luxottica Retail North America Inc. d/b/a PEARLE VISION® and against Defendants Stonybrook Ventures, Inc. ("Stonybrook") and Brian F. Cullather ("Cullather") (collectively "Defendants"), which resolves the Preliminary Injunction Motion.

Accordingly, it is ORDERED and ADJUDGED that:

1.      This Court finds that:

    (a)    Plaintiff Luxottica Retail North America Inc. d/b/a PEARLE VISION®,

successor-in-interest to Pearle Franchise Corporation ("PFC") and Pearle Vision, Inc. ("PVI") (collectively "Pearle Vision") is an Ohio corporation, with its principal place of business in Mason, Ohio. Pearle Vision is a franchisor of retail stores which sell, among other things, optical products and optical services and has developed and operates a distinctive optical retail system, which includes proprietary rights in certain valuable trade names, service marks, trademarks, logos, emblems and indicia of origin;

(b)  Pearle Vision has developed a comprehensive operating system for all Pearle Vision franchisees in order to protect the image of Pearle Vision and to ensure uniform, high quality standards. The detailed specifications and procedures of the "Pearle Vision System" are set forth in Pearle Vision's Franchise Manual. Additionally, Pearle Vision has extensively employed, caused to be advertised, and publicized throughout the United States certain distinctive symbols as trademarks and service marks to identify the source, origin, and sponsorship of Pearle Vision's facilities, products and services (the "Pearle Vision Marks");

(c)  Defendants owned and operated the former PEARLE VISION® Store #8519, located at The Shoppes of Ulmerton and Seminole, Ulmerton Road and Seminole Boulevard, in Largo, Florida (the "Store"), using Pearle Vision's systems and names, including service marks and trademarks, in accordance with the terms and conditions of a Pearle Franchise Corporation Franchise Agreement, dated January 12, 2004 (the "Franchise Agreement");

(d)  Pursuant to a Personal Guaranty also dated January 12, 2004 (the "Guaranty"), Cullather unconditionally and irrevocably personally guaranteed the performance of each and every obligation of Stonybrook under the Franchise Agreement, as well as any other

agreement between the parties, to PFC, PVI and their affiliates;

(e)     Pearle Vision filed its Preliminary Injunction Motion asserting that Defendants' license to use and display the PEARLE VISION® name and the Pearle Vision Marks at the Store, terminated effective at 12:00 p.m. on June 11, 2009;

(f)     Pearle Vision further asserted in their Preliminary Injunction Motion that, as of 12:00 p.m. on June 11, 2009, Defendants were no longer authorized to operate a retail optical location at the Store and were required to comply with all post-termination covenants;

(g)     Defendants do not dispute Pearle Vision's right to terminate the Franchise Agreement and have agreed to voluntarily close and de-identify the Store, and;

(h)     Defendants agree to abide by the terms of the covenants relating to competition, contained in Paragraph 19 of the Franchise Agreement.

2.     Pearle Vision has satisfied each of the requirements for the entry of this Agreed Preliminary Injunction Order. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods., 134 F.3d 749, 753 (6th Cir. 1998). Specifically, this Court finds that Pearle Vision has demonstrated: (1) a strong likelihood of success on the merits; (2) that it would suffer irreparable injury without the injunction; (3) that issuance of this injunction would not cause substantial harm to others; and (4) the public interest would be served by issuance of this injunction.

3.     Defendants and all persons acting on their behalf, in concert with them, or under their control, are hereby enjoined and restrained from engaging in, doing, committing, or performing, directly or indirectly, any and all of the following acts, or any of them regarding the Store:

(a) manufacturing, packaging, distributing, selling, advertising, displaying, or promoting any product or service bearing any of the Pearle Vision Marks, or any colorable imitation thereof at the Store;

(b) displaying or using any of the Pearle Vision Marks to advertise or promote the sale of, or to identify, the Store, or any product or service provided therein; and

(c) making in any manner whatsoever any statement or representation, or performing any act, likely to lead members of the public to believe that Defendants, the Store and the products and services provided therein, are in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized, or approved by Pearle Vision.

4. Defendants, and all persons acting on Defendants' behalf, in concert with Defendants, or under Defendants' control, will, within 10 days of the date of this Agreed Preliminary Injunction Order:

(a) recall and deliver up to Pearle Vision all signs, banners, labeling, packaging, advertising, promotional, display, and point-of-purchase materials which bear, or make reference to, any of the Pearle Vision Marks, or any colorable imitation of the Pearle Vision Marks;

(b) recall and deliver up to Pearle Vision all copies and editions of the Pearle Vision Franchise Manuals that are in their actual or constructive, direct or indirect, possession, custody or control, including all supplements and addenda thereto, and all other materials containing store operating instructions, store business practices, or plans of Pearle Vision;

(c) allow Pearle Vision, at a reasonable time, to enter the premises of the Store and make whatever changes, including removal of tangible assets, that are necessary to distinguish

the premises from its appearance as a PEARLE VISION® location;

   (d) file a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with this Agreed Preliminary Injunction Order, and;

   (e) transfer to Pearle Vision, or its designee, all right title and interest in all telephone, data or facsimile numbers associated with the Store, as well as all dispensing records pursuant to the terms of the Franchise Agreement.

  5. Defendants are hereby enjoined from engaging in any other business which produces, manufactures, distributes, offers or sells optical products, or products or services related thereto which are similar in any material respect to the Store within a three-mile radius of the Store for a period of one year from the date of this Agreed Preliminary Injunction Order.

  6. Plaintiff Pearle Vision shall not be required to post a surety bond as the risk of harm is remote.

  DONE AND ORDERED this 24th day of September, 2009 at Tampa, Florida.

    s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record