UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUXOTTICA RETAIL NORTH AMERICA, INC.,
d/b/a Pearle Vision,

    Plaintiff,

v.                                         **CASE NO**: 8:09-cv-1805-T-26AEP

STONYBROOK VENTURES, INC., and
BRIAN F. CULLATHER,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's Dispositive Motion for Summary Judgment (Dkt. 29), and Defendants' Memorandum in Opposition, Affidavit of Brian Cullather, and Statement of Disputed Facts. (Dkts. 35, 36, & 37). After careful review of the motion and the entire file, the Court concludes that the motion should be denied.

Plaintiff is Luxottica Retail North America, Inc. (Luxottica), which acquired Pearle Vision franchises and marks shortly after Defendants entered into a franchise agreement with Pearle Vision. Luxottica owned Lens Crafters stores. As part of the negotiations, Pearle Vision did not disclose to the Defendants that it was in the process of being acquired by Luxottica. Defendants were encouraged to open the Pearle Vision franchise near a Lens Crafters store, arguably because the proximity would not matter.

The proximity was touted as irrelevant due to the superior quality of Pearle Vision's programs such as the "Cole Managed Vision Care," a better program than "Eyemed" maintained by Lens Crafters. After the acquisition of Pearle by Luxottica, however, all Lens Crafter stores had access to the Cole Managed Vision Care and the competitive edge disappeared. Defendants seek to avoid summary judgment based on their sole affirmative defense, fraudulent inducement resulting in the devalued purchase of a Pearle Vision franchise.

Luxottica seeks a permanent injunction based on the agreed preliminary injunction entered earlier in this case. (Dkt. 19). Luxottica also seeks money damages of $16,512.72, which represents treble damages for willful violations of the Lanham Act, and $117,425.71 pursuant to breaches of the franchise agreement. Defendants filed an affidavit of Brian Cullather in which he avers that Pearle Vision (now Luxottica) knew or should have known that it was in the process of being acquired by Luxottica, and Pearle Vision failed to disclose this fact during the negotiations of the franchise agreement. According to Mr. Cullather, the advantages of Pearle Vision far outweigh Lens Crafters' and the merger of Lens Crafters and Pearle Vision eliminated any competitive advantage of owning a Pearle Vision franchise.

Luxottica relies on the provision in the franchise agreement that permits Pearle Vision, in its discretion, to assign the agreement to any third party.[1] Reliance on this

---

[1] Paragraph 18 of the franchise agreement provides that Pearle may "in its sole and absolute discretion, transfer or assign [the agreement] . . . to any third party."

provision alone, however, will not vitiate the fraudulent inducement claim. Under Florida law, a claim of fraudulent inducement consists of four elements: "(1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808-09 (11th Cir. 2010) (quoting Thompkins v. Lil' Joe Records, Inc., 476 F.3d 1294, 1315 (11th Cir. 2007)). This claim for relief is an intentional tort, independent from the claims for breach of the contract that was the result of the alleged fraudulent inducement. See HTP, Ltd. v. Lineas Aereas Constarricenses, S.A., 685 So.2d 1238 (Fla. 1996) (holding that fraudulent inducement is a tort independent from the breach of the contract and therefore Florida's economic loss rule does not prevent recovery in tort for economic damages). Therefore, the provisions of the franchise agreement, while they may control the breaches of the contract, do not control whether an intentional tort was committed in its negotiation.

Recognizing that fraud is a difficult factual scenario to unravel in the summary judgment stage, this Court finds that genuine issues of material fact exist with respect to both the issues of whether fraudulent inducement occurred and whether any damages have been definitively determined. Thus, summary judgment must be denied as to all of Luxottica's claims for money damages. With respect to the Agreed Preliminary Injunction Order (Dkt. 19), the Defendants do not contest the entry of the injunctive relief, as opposed to monetary relief, imposed in that order. Accordingly, summary

3

judgment on the permanent injunction is granted.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Dispositive Motion for Summary Judgment (Dkt. 29) is **GRANTED in part and DENIED in part.** The Agreed Preliminary Injunction Order is now made a permanent injunction. All issues with respect to money damages sought in conjunction with the injunction or the claims for breach of contract must be resolved by the trier of fact.

**DONE AND ORDERED** at Tampa, Florida, on May 11, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record