UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUXOTTICA RETAIL NORTH AMERICA, INC.,
d/b/a Pearle Vision,

    Plaintiff,

v.                                                  CASE NO: 8:09-cv-1805-T-26AEP

STONYBROOK VENTURES, INC., and
BRIAN F. CULLATHER,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion to Enforce Confidential Settlement Agreement and for Entry of Final Judgment. (Dkt. 44). After careful consideration of the file, the Court concludes that the motion should be denied because this Court lacks jurisdiction to enforce the settlement agreement attached as Exhibit A to the motion. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); Bender v. Allegra, 130 F.3d 990, 994 (11th Cir. 1997). The 60-day order entered by the Court[1] does not contain a reservation of jurisdiction to enforce the settlement agreement in the event of default, and the sixty days have passed. The parties' Stipulation for Dismissal Without Prejudice, which states that "the parties stipulate that

---

    [1] See docket 42.

this Court shall retain jurisdiction to enforce the terms of the Parties' Confidential Settlement Agreement,"[2] cannot bestow jurisdiction on the Court. Absent a reservation of jurisdiction made by the Court, ancillary jurisdiction does not encompass enforcing a settlement agreement in a dismissed case. Accordingly, Plaintiff's motion (Dkt. 44) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on October 21, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[2] <u>See</u> docket 43.